IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ERVIN H. SANDERS, Administrator of the Estate of GYNETH RUTH SANDERS, Deceased | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 10-CV-2111 JWL/JPO |
| FIRST TRANSIT, INC., LAIDLAW TRANSIT SERVICES, INC., FIRSTGROUP AMERICA, INC., and FIRSTGROUP PLC, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM AND ORDER

Ervin H. Sanders filed suit in state court, as administrator of the estate of Gyneth Ruth Sanders, to recover damages for the alleged negligence of defendants First Transit, Inc., Laidlaw Transit Services, Inc., Firstgroup America, Inc. and Firstgroup PLC ("the defendants"). The state court petition alleged that the defendants acted negligently in providing transportation services to the deceased, resulting in various injuries and significant damages. Invoking diversity jurisdiction, the defendants removed the suit to this federal court. The matter comes before the Court on a motion by the plaintiff to remand the action to state court (doc. #8). For the reasons set forth below, the Court denies the motion to remand.

1

The plaintiff does not dispute that the Court presently has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332. Moreover, the plaintiff does not assert that the removal was procedurally defective. Rather, the plaintiff seeks remand on the grounds that diversity jurisdiction will be destroyed in the future when the plaintiff seeks to join another defendant whose absence from the suit is presently necessitated by the notice requirements of the Kansas Tort Claims Act. In particular, while the plaintiff concedes that diversity jurisdiction presently exists,[1] the plaintiff intends to join as a defendant the Board of County Commissioners of Johnson County, Kansas ("Johnson County"), whose citizenship for purposes of diversity jurisdiction would be the same as that of the plaintiff.

The plaintiff has not yet sought to join Johnson County because a provision of the Kansas Tort Claims Act requires that a plaintiff serve notice upon a municipality and then wait 120 days or until the municipality denies the claim, whichever occurs first, before commencing suit against the municipality. *See* K.S.A. § 12-105b. The plaintiff could not wait until the 120 days had elapsed before filing the present action because the statute of limitations was about to expire. Thus, the plaintiff served the requisite notice upon

---

[1] "Under 28 U.S.C. § 1332(a), the citizenship of all defendants must be different from the citizenship of all plaintiffs." *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806) and *Salt Lake Tribune Publ'g Co. v. AT & T Corp.*, 320 F.3d 1081, 1095-96 (10th Cir. 2003)). The plaintiff is a citizen of Kansas, as was the decedent at the time of death. The present defendants are citizens of other states or foreign countries for purposes of assessing diversity jurisdiction. According to the Notice of Removal (doc. #1), First Transit, Inc., Laidlaw Transit Services, Inc., and Firstgroup America, Inc. are all citizens of Ohio and Delaware. Firstgroup PLC is a corporation organized under the laws of England, with a special place of business in London.

Johnson County and then proceeded to file suit without having named Johnson County as a defendant, instead intending to request amendment to the state court petition to add Johnson County as a defendant after the passage of the 120-day notice period. Before the 120 days had ended, however, the defendants removed the action to federal court.

28 U.S.C. § 1447 addresses the situation faced by the parties. If it appears that the court lacks subject matter jurisdiction at any point before final judgment, the court must remand the action. § 1447(c). However, where a plaintiff seeks to join additional defendants after removal, and such joinder would destroy subject matter jurisdiction, § 1447(e) provides that "the court may deny joinder, or permit joinder and remand the action to the state court." As the Tenth Circuit has explained, "the plaintiff does not have an absolute right to join such parties," as amendment may occur after the filing of a responsive pleading only with leave of the opposing party or the court under Federal Rule of Civil Procedure 15(a)(2). *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). Thus, remand would be inappropriate at this stage of the litigation, before the plaintiff has even sought leave to amend to join Johnson County as a defendant. *See id.* at 951-52 (concluding that there was no basis for remand where the plaintiff had not yet attempted to amend the complaint to replace "John Doe" defendants with named, non-diverse defendants, as complete diversity still existed). Moreover, while the plaintiff argues that Johnson County is a "necessary party," the Tenth Circuit has explained that the appropriate course of action is for the court to wait until such time as the plaintiff seeks to amend the complaint, and then to assess whether the party sought to be joined is in fact

3

indispensible under Rule 19.  *Id*.  If so, the Court must either join the party and remand under § 1447(e), or deny the joinder and consequently dismiss the action under Rule 19(b).  *Id*. at 951.  On the other hand, if the Court concludes that the party is not indispensible, the Court will exercise discretion in determining whether to permit joinder under Rule 20(a)(2), looking at several factors to assess whether joinder would be appropriate.  *Id*.  If the Court permits joinder, and such joinder will destroy diversity jurisdiction, the Court will consequently remand under Rule 1447(e).  *See id*.  However, until such time as the plaintiff seeks amendment of the complaint to add Johnson County as a defendant, the Court retains subject matter jurisdiction[2] and remand is thus inappropriate.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the plaintiff's motion to remand (doc. #8) is denied.

**IT IS SO ORDERED.**

---

[2] Diversity jurisdiction requires not only complete diversity, but also that there be more than $75,000 in controversy.  28 U.S.C. § 1332(a).  However, the Notice of Removal (doc. #1) asserts that this requirement is met, and the parties do not dispute whether it is.  As previously mentioned, the plaintiff concedes that the Court presently has diversity jurisdiction over the action.

Dated this 1st day of April, 2010, in Kansas City, Kansas.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge